### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-mj-136 (GMH)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTOINETTE GILMORE,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to order the pretrial detention of defendant Antoinette Gilmore, and in support thereof, submits this memorandum providing an overview of the investigation which led to the May 24, 2019 indictment of the defendant for illegal possession of a firearm.   In support thereof, we submit as follows:

### I.   PROCEDURAL BACKGROUND

On May 21, 2019, the defendant was arrested by members of the D.C. Metropolitan Police Department (MPD) for illegal possession of a firearm.   On May 22, 2019, a criminal complaint was filed in this Court charging the defendant with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).   The defendant appeared for an initial appearance on the complaint that same day.   The defendant was held pursuant to the government's request for detention under 18 U.S.C. § 3142(f)(1)(E) and 18 U.S.C. § 3142(d)(1)(A)(iii).   A preliminary and detention hearing was scheduled for May 28, 2019 at 1:45 p.m.   On May 24, 2019, a grand jury returned an indictment charging defendant Antoinette Gilmore with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).   A copy of the (unsigned)

indictment is attached as Exhibit A.   At the detention hearing, the government intends to rely on the indictment for probable cause and to proceed by way of proffer.

## II.   <u>LEGAL AUTHORITY</u>

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).   The parties may proceed by way of proffer and hearsay is permitted.   <u>Id.</u>; <u>United States v. Smith</u>, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."   <u>United States v. Martir</u>, 782 F.2d 1141, 1145 (2d Cir. 1986); <u>United States v. Williams</u>, 798 F.Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.   <u>Smith</u>, 79 F.3d at 1210, <u>see</u> <u>also</u> <u>Williams</u>, 798 F. Supp. at 36.

The Bail Reform Act Section 3142(e), which authorizes detention without bail pending trial, provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer ***shall order*** the detention of the person before trial.

18 U.S.C. § 3142(e) (emphasis added).   Factors that the Court must consider when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are:   (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the

history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.   18 U.S.C. § 3142(g).   A defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ."   18 U.S.C. § 3142(e).   A judicial determination that a defendant should be detained pending trial on grounds of community safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987).

The government may request detention in any case where a defendant is charged with a felony involving possession of a firearm, per Section 3142(f)(1)(E), and the government requests detention in this case on that basis.   The government has also requested detention pursuant to Section 3142(d)(1)(A)(iii), because the defendant is currently on probation.

## III.   FACTUAL BACKGROUND

On May 21, 2019 at approximately 7:00 p.m., a witness called 911 and reported that there was a woman with a gun on the 4900 block of Jay Street, NE in Washington, D.C.   The caller reported that the woman was wearing a yellow hoodie and black jeans and carrying a black bag. Officers Crawley and Elliott were dispatched to the location.   Upon arriving, officers saw the defendant Antoinette Gilmore, who was wearing a yellow hoodie and black jeans and carrying a black bag.   The officers exited their vehicles and asked the defendant to stop, at which point the defendant ran from officers.   As she fled, she removed the black bag she was carrying and tossed it on the ground.   Officer Crawley stopped and recovered the bag and Officer Elliott

caught up to the defendant and stopped her a short distance (less than a block) from where the chase began.

Officers recovered a firearm from the black bag that the defendant dropped.   The firearm is a Cobra .380 caliber and was loaded with one round of ammunition in the chamber and two in the magazine.   See Exhibit B, photos of firearm and ammunition.   As is further discussed below, the defendant has a prior felony conviction.   There are no firearms manufacturers in the District of Columbia.

The defendant was arrested and gave a statement to MPD Detective Darren Brake.   The defendant admitted to knowing there was a firearm in her bag, but stated she took the firearm to ensure her family members were safe from others who had threatened them.

Officer Crawley spoke with the 911 caller and the undersigned has also spoken with the 911 caller.   The 911 caller indicated that it was alerted by a young person that the defendant had a gun, and that it was especially concerned because the defendant was on the street with other children (the 911 caller believed the defendant to be a child as well, due to her appearance). The young person who alerted the 911 caller to the defendant indicated that the defendant was trying to get some other people in the neighborhood.

## IV.   **DEFENDANT'S CRIMINAL HISTORY**

On September 14, 2014, the defendant was convicted of Armed Robbery and First Degree Burglary in Charles County, Maryland.   The defendant received a sentence of 20 years confinement with 15 years suspended, resulting in a prison term of five years followed by a 5 year term of probation.   The defendant is on probation in this matter from 7/16/18 through 8/16/23 and was therefore on probation at the time of this incident.   According to the pretrial services report,

the defendant was not in compliance with probation at the time of her arrest.   Specifically, the defendant failed to report in person on 4/18/19, failed to report for drug testing on 4/8/19, 4/29/19 and 5/13/19, and submitted an insufficient quantity for drug testing on 4/15/19.

The government also notes the information on page 4 of the Pretrial Services Agency report dated 5/22/19.

## V.   **ARGUMENT**

All four factors that the court is to consider under 18 U.S.C. § 3142(g) favor detention in this case.

First, as to the nature and circumstances of the offense charged, the defendant is a felon in possession of a firearm.   The firearm was loaded and being carried in the community at a time when young people were present.   The defendant's statements to Detective Brake and the 911 caller's statements indicate that the defendant was involved in some kind of ongoing dispute while in possession of the firearm.

As to the second factor, the weight of the evidence against the person, the government would assert that there is strong evidence in this case.   The officers saw the defendant toss the bag with the firearm and did not lose sight of her.   The stop of the defendant and the recovery of the bag is depicted on body-worn camera.   The defendant gives a <u>Mirandized</u> statement to Detective Brake admitting to knowledge of the firearm in her bag.

The third factor, the history and characteristics of the person, also favors detention.   The defendant is on supervision for an armed felony.   She has been on probation for less than a year and is not in compliance.   She has missed at least on check-in and multiple drug tests.   Possession of the firearm in this case is a violation of her probation.

Finally, the government asserts that the nature and seriousness of the danger to the community that would be posed by the defendant's release is too great in this case.   The defendant is on probation for a violent felony and possessed a loaded firearm in the community while other individuals, including children, were present.

The government reserves the right to, and will make, further arguments at the detention hearing.   The government respectfully requests this Court to find, by clear and convincing evidence, that no condition or combination of conditions can be imposed that would reasonably assure the safety of the community.   This Court should order that Antoinette Gilmore be held without bond during the pendency of this case to ensure her appearance as required and to protect the safety of any other person and the community from the defendant.

**WHEREFORE**, we respectfully request that the Court issue an Order granting the government's motion that Antoinette Gilmore be held without bond.

Respectfully submitted,
JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By: _____
Sara Vanore, P.A. Bar 208070
Assistant United States Attorney
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20530
202-252-7102
sara.vanore@usdoj.gov

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 7, 2019**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **MAGISTRATE NO: 19-MJ-0136** |
| | : | |
| **ANTOINETTE CAMILLE GILMORE,** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 922(g)(1)** |
| **Defendant.** | : | **(Unlawful Possession of a Firearm and** |
| | : | **Ammunition by a Person Convicted of** |
| | : | **Crime Punishable by Imprisonment for a** |
| | : | **Term Exceeding One Year)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 924(d),** |
| | : | **21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)** |

### I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about May 21, 2019, within the District of Columbia, **ANTOINETTE GILMORE**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, in the Circuit Court for Charles County, Criminal Case No. 08-K-14-232, did unlawfully and knowingly receive and possess a firearm, that is, a Cobra, .380 caliber handgun, and did unlawfully and knowingly receive and possess ammunition, that is, .380 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## **FORFEITURE ALLEGATION**

1.      Upon conviction of the offense alleged in Count One this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Cobra, .380 caliber handgun and .380 caliber ammunition.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.

2

# Exhibit B



Asset: J5L9321
Case: 19-087-63
User: Donville
Agency: MPDHQ
Date: 2019/05/22 16:20:15



